**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT BOWLING GREEN**

JASON DEAN BORDEN                                                    PLAINTIFF

v.                                                    CIVIL ACTION NO. 1:09CV-P94-M

GREGORY BERRY                                                    DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Jason Dean Borden, proceeding *pro se* and *in forma pauperis*, filed this

complaint pursuant to 42 U.S.C. § 1983 (DN 1). This matter is before the Court for screening

pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). For

the reasons set forth below, the action will be dismissed.

**I.**

Plaintiff sues attorney Gregory Berry for refusing to withdraw as his attorney in state-

court criminal proceedings against Plaintiff. Plaintiff alleges that Defendant Berry had a conflict

of interest as his counsel based on state and federal suits filed against him by Plaintiff. Plaintiff

requests monetary and injunctive relief.

**II.**

When a prisoner initiates a civil action seeking redress from a governmental entity,

officer, or employee, the trial court must review the complaint and dismiss the action, if the court

determines that it is frivolous or malicious, fails to state a claim upon which relief may be

granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28

U.S.C. §§ 1915A(b)(1) and (2). A claim is legally frivolous when it lacks an arguable basis

either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The court may, therefore,

dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where

the factual contentions are clearly baseless. *Id.* at 327. While a reviewing court must liberally

construe *pro se* pleadings, *Boag v. MacDougall,* 454 U.S. 364, 365 (1982) (per curiam), to avoid

dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its

face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Plaintiff does not state a claim against Defendant Berry under 42 U.S.C. § 1983. Public

defenders are not liable to suit under § 1983 because public defenders do not act under color of

state law when representing indigent clients in criminal proceedings. *Polk County v. Dodson*,

454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state law when

performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding.");

*see also White v. Robertson-Deming*, 9 F. App'x 418, 419-20 (6th Cir. 2001). Thus, Plaintiff's

allegations against Defendant Berry fail to state a cognizable § 1983 claim, and dismissal for this

reason is appropriate. The Court will, by separate Order, dismiss the instant action for failure to

state a claim.

Date:

cc:     Plaintiff, *pro se*
        Defendant
4413.009